## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TALETA WESLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-276-RLB** |
| **ASCENSION PARISH, ET AL.** | **CONSENT** |

## ORDER

Before the Court is Plaintiff's Rule 12(f) Motion to Strike Second F.R.C.P. 12(b)(6) Motion or Have it Deemed an Amended Motion Replacing the First Amended Petition with Incorporated Arguments (R Doc. 26) filed on August 29, 2019.[1] Defendants filed their Opposition (R. Doc. 28) on September 5, 2019.

Plaintiff advances two arguments in support of her Motion to Strike. First, Plaintiff suggests that Defendants' Second Motion to Dismiss (R. Doc. 17) is untimely because it was filed more than 21 days after their first Motion to Dismiss (R. Doc. 12). Second, Plaintiff argues that Defendants' Second Motion to Dismiss be stricken on the grounds that the arguments raised therein have already been presented in the first Motion to Dismiss.

Although Plaintiff suggests that the analysis falls under Fed. R. Civ. P. 15, Fed. R. Civ. P. 12 is applicable.[2] Fed. R. Civ. P. 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule

---

[1] Plaintiff's Motion is styled to include her Opposition to Defendant's Second 12(b)(6) Motion to Dismiss, but Plaintiff also filed a separate Opposition to Defendant's Second 12(b)(6) Motion to Dismiss (R. Doc. 27) on August 29, 2019. Accordingly, the Court will treat the instant Motion solely as a Motion to Strike Second F.R.C.P. 12(b)(6) Motion, while noting Plaintiff's Opposition has been separately docketed.

[2] A motion to dismiss is not a "pleading" for purposes of Fed. R. Civ. P 15(a)(1). *See* Fed. R. Civ. P. 7(a), defining pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, and answer to a third-party complaint, and a reply to an answer. Fed. R. Civ. P. 7(b) concerns motions, thereby drawing a distinction between pleadings and motions.

raising a defense or objection that was available to the party but omitted from its earlier motion."

Fed. R. Civ. P. 12(h)(2), however, provides the following:

> Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
> (A)   in any pleading allowed or ordered under Rule 7(a);
> (B)   by a motion under Rule 12(c); or
> (C)   at trial.

Rule 12(h) exempts a Rule 12(b)(6) motion from the waiver provisions and, as set forth above, specifically provides that such a motion may be raised up to and during trial. *See Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 701-04 (10th Cir. 2014) (defendants had not waived a successive failure to state a claim argument because Rule 12(h)(2) explicitly allows the objection even at trial, and Rule 12(h)(1)'s waiver provision only applies to objections under 12(b)(2)-(5)).

The Court notes that this is not a circumstance where a Rule 12(b)(6) motion has been filed and denied, and then the defendant files successive motions that could have been brought in the original one. Although the Court need not decide this issue, in that circumstance, it may be that a responsive pleading must still be filed in accordance with Rule 12(a)(4)(A). Even in that case, courts have noted that the defense could still file a Rule 12(c) motion for judgment on the pleadings *Walzer v. Muriel Siebert & Co.*, 447 Fed. App'x 377, 379 (3d Cir. 2011). The Court also does not find that the defendant has intentionally sought to circumvent the local rules pertaining to page limitations, as neither motion is particularly lengthy. Any prejudice on that basis is eliminated by allowing separate oppositions to be filed.

Defendants' Second Motion to Dismiss (R. Doc. 17), which asserts a failure to state a claim upon which relief can be granted, will not be stricken on the basis that it is untimely, or that the arguments raised therein have been waived.

The Court now turns to Plaintiff's argument that Defendants "have already argued those matters stated in their Second Motion." (R. Doc. 26-2 at 2). To the contrary, Defendants' Second Motion to Dismiss (R. Doc. 17) seeks to dismiss Plaintiff's § 1983 claims, which argument is not advanced in Defendants' first Motion to Dismiss (R. Doc. 12). The Court, therefore, does not agree that Defendants' Second Motion to Dismiss raises arguments already advanced in their first Motion to Dismiss. While all of the arguments are under the umbrella of Fed. R. Civ. P. 12(b)(6), the bases for these arguments are not duplicative. Accordingly, Plaintiff's Motion to Strike (R. Doc. 26) on the grounds of redundancy of arguments presented will be denied. In addition, both motions are briefed and ready for resolution. By addressing the arguments raised in both motions and their respective oppositions, there is no prejudice or harm to any party.

Considering the foregoing,

**IT IS ORDERED** that the 12(f) Motion to Strike Second F.R.C.P. 12(b)(6) Motion or Have it Deemed an Amended Motion Replacing the First Amended Petition (R. Doc. 26) filed by Plaintiff on August 29, 2019 is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 8, 2019.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**