# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| TALETA WESLEY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-276-RLB |
| ASCENSION PARISH, ET AL. | CONSENT |

## ORDER

Before the Court are two motions. First, Defendants filed their first Motion to Dismiss (R. Doc. 12) on July 6, 2019. Plaintiff filed her Opposition (R. Doc. 18) on August 5, 2019. Defendants filed their Second Motion to Dismiss (R. Doc. 17) on August 5, 2019. Plaintiff filed her Opposition (R. Doc. 24)[1] on August 26, 2019.

**I.    Background**

Plaintiff initiated this action with the filing of her Complaint (R. Doc. 3) on May 6, 2019. Plaintiff is an African American woman who was hired as the Director of Human Resources for the Parish of Ascension. (R. Doc. 3 at 4). Plaintiff alleges that she reported several illegalities to her supervisor, including contract fraud, ethics violations, missing or incomplete tax documents, improper employee benefits payments, use of unapproved programs to send private information, and improper hiring practices. She alleges that she was wrongfully terminated for insubordination, but that termination was "a direct result of her complaints." (R. Doc. 3 at 7). She also alleges that she suffered retaliation as a result of her complaints in the form of exclusion from meetings, being ignored, taking away her parish-issued vehicle, taking away her satellite office, and forcing her to "work in an office with respiratory infecting mold, electrical problems, roofing leaks, and other hazards." (R. Doc. 3at 5).

---

[1] Another Opposition (R. Doc. 27) was filed on August 29, 2019 advancing the same arguments.

Plaintiff's Complaint seeks recovery under seven theories, including (1) Retaliation in Violation of Louisiana Whistleblower Statute; (2) Retaliation in Violation of Internal Policies; (3) Retaliation in Violation of Louisiana Board of Ethics Rules; (4) Intentional Infliction of Emotional Distress; (5) Louisiana Anti-Discrimination Employment Law; (6) 42 U.S.C. § 1983 and the 14th Amendment; and (7) Libel and Slander under La. C.C. art. 2315. (R. Doc. 3). Defendants filed their first Motion to Dismiss (R. Doc. 12) on July 6, 2019, seeking to dismiss the following causes of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6): (1) against the individual defendants in their individual or official capacities under the Louisiana Whistleblower statute; (2) against all Defendants for intentional infliction of emotional distress; (3) against Defendant Matassa in his personal capacity for defamation; (4) against Defendants Dawson and Hysell for defamation; (5) against all Defendants under the Board of Ethics Whistleblower statute; (6) against Defendants Matassa, Dawson, or Hysell in their individual or official capacities under the Board of Ethics Whistleblower statute; (7) against all Defendants under the Louisiana Employment Discrimination Law; (8) against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under the Louisiana Employment Discrimination Law; and (9) against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under Title VII. Defendants also filed a Second Motion to Dismiss (R. Doc. 17) on August 5, 2019, alleging that Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) regarding the following causes of action: (1) against Defendants Matassa, Dawson, or Hysell in their individual or official capacities under 42 U.S.C. § 1983; (2) against Defendants Matassa and Dawson under 42 U.S.C. § 1983 pursuant to a *respondeat superior* theory; and (3) against Defendant Hysell in any capacity under 42 U.S.C. § 1983.

## II. Law and Analysis

### A. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In *Johnson v. City of Shelby, Miss.,* 574 U.S. 10 (2014), the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

3

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis in *Lormand*)).

Applying the above case law, one district court has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted). Lastly, the Court notes that "generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408,

413 (E.D. La. Apr. 12, 2016) (citing *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009)).

### B. Analysis

#### 1. Plaintiff's claims against the individual Defendants in their individual or official capacities under the Louisiana Whistleblower statute

La. R.S. 23:867(A), the Louisiana Whistleblower statute, provides that "[a]n employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of the law" discloses, threatens to disclose, provides information or testifies regarding, or objects or refuses to participate in a violation of law. Defendants suggest that the term "employer" for purposes of the Louisiana Whistleblower statute does not include in its meaning the individual Defendants Matassa, Dawson, and Hysell in their individual or official capacities. (R. Doc. 12-1 at 4-5). Plaintiff responds that, because Defendants Matassa, Dawson, and Hysell exercised requisite control and supervision over Plaintiff, they can be held liable under the Louisiana Whistleblower statute. (R. Doc. 18 at 2-3).

The Louisiana Whistleblower statute does not specifically define who constitutes an employer for its purposes, but federal jurisprudence has interpreted the definition of employer in La. R.S. 23:302 to apply. *See, e.g., Heintz v. Lawxom*, 2019 WL 127057, at *10 (E.D. La. Jan. 7, 2019) ("Although the statute itself does not define 'employer,' courts have consistently applied the definition of 'employer' as set forth in La. Rev. Stat. § 23:302, Louisiana's general employment discrimination statute."). La. R.S. 23:302 defines employer as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee."

5

In *Heintz*, the plaintiff brought claims under the Louisiana Whistleblower statute against the City of Gretna and certain individual defendants in their individual and official capacities. The district court granted the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to the Louisiana Whistleblower claims against the individual defendants, stating, "it is clear in the instant case that Lawson and Christiana are not Plaintiff's employer, but rather agents of his employer: the City of Gretna." *Heintz*, 2019 WL 127057 at *10. *See also Mosley v. Foot Locker Corporate Services, Inc.*, 2007 WL 4119060, at *1 (E.D. La. Nov. 15, 2007) (finding defendant improperly joined because "[b]oth the federal statutes and case law do not support a cause of action against individual supervisors, either in their individual or official capacities.").

The Court agrees with the jurisprudence noted above and finds that Plaintiff has failed to state a claim against Defendants Matassa, Dawson, and Hysell, in their individual or official capacities, under the Louisiana Whistleblower statute because they are not "employers" as that term is interpreted. Plaintiff's claims against the Parish of Ascension under the Louisiana Whistleblower statute remain, and while not liable in their individual or official capacities, the actions or inactions of Defendants Matassa, Dawson, and Hysell, as agents of the Parish of Ascension, may be relevant to Plaintiff's claims against the Parish of Ascension under the Louisiana Whistleblower statute. The Court further finds that this deficiency cannot be cured with leave to amend.

**2. Plaintiff's claims against all Defendants for intentional infliction of emotional distress**

In order to establish a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or

6

substantially certain to result from this conduct. *Thomas v. Bulotta*, 2014 WL 5778390, at *3 (M.D. La. Nov. 5, 2014) (citing *White v. Monstanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)). Defendants' argument posits that the allegations brought by Plaintiff do not rise to the level of "extreme and outrageous" conduct required to find liability. (R. Doc. 12-1 at 6-7).

The question at the motion to dismiss stage is not for the Court to determine whether conduct alleged rises to the level of the conduct required to find liability. Whether a defendant's conduct is "extreme and outrageous" is a question to be resolved by the trier of fact. Rather, in assessing a plaintiff's allegations for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the question is whether a plaintiff's pleadings allege "enough to raise a right to relief above the speculative level" with facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In her Complaint, Plaintiff alleges that Defendants "set out on a campaign of deliberate and repeated harassment of [Plaintiff] over the course of several months, that harassment was detrimental to her mental and physical health, that she was stricken with severe anxiety which caused an emergency room visit, and that she continues to suffer severe anxiety. (R. Doc. 3 at 11). Plaintiff also alleges that she was forced "to work in an office with respiratory infecting mold, electrical problems, roofing leaks, and other hazards." (R. Doc. 3 at 5).[2]

It is not for the Court to address whether the allegations made by Plaintiff rise to the level of "extreme and outrageous" conduct for purposes of intentional infliction of emotional distress, but rather whether Plaintiff has brought sufficient allegations, taken as true for purposes of the motion, that could lead a reasonable factfinder to find in favor of a plaintiff. The Court finds that

---

[2] In Plaintiff's briefing in support of her intentional infliction of emotional distress claim, she argues that Defendants filed an objection and appeal of her Texas-based unemployment benefits claim, using an attorney not admitted to practice in the State of Texas. (R. Doc. 18 at 3). These factual allegations do not appear anywhere in her Complaint and, therefore, will not be considered for purposes of Defendants' motions.

Plaintiff's allegations regarding intentional infliction of emotional distress, viewed in the light most favorable to Plaintiff, withstand the level of scrutiny required to survive at this stage. Plaintiff has alleged that Defendants' conduct was extreme and outrageous, that the distress she suffered was severe, and that Defendants' conduct was a "calculated pattern of harassment," meeting the basic elements of an intentional infliction of emotional distress claim. (R. Doc. 3 at 11). Plaintiff has also set forth specific conduct of Defendants, including but not limited to forcing her "to work in an office with respiratory infecting mold, electrical problems, roofing leaks, and other hazards." (R. Doc. 3 at 5). These allegations are sufficient to find Plaintiff has stated a claim for intentional infliction of emotional distress.

### 3. Plaintiff's claims against Defendant Matassa in his personal capacity for defamation

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 2003-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139. "To maintain a defamation action under Louisiana law, a plaintiff must prove the following elements: '(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.'" *Schmidt v. Cal-Dive International, Inc.*, 240 F.Supp.3d 532, 542 (W.D. La. Mar. 6, 2017) (citing *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006)).

In her Complaint, Plaintiff alleges that Defendants made public statements that were published in the newspaper that affected her job search and future employment prospects. (R. Doc. 3 at 12-13). She also alleges that Defendant Matassa defamed her by (1) telling councilmembers that SSA did not do their due diligence in obtaining her references; (2) telling employees that Plaintiff wanted to fire them; (3) telling the Ascension police department that she was a hostile individual; (4) telling employees not to speak to her regarding human resource

matters because she did not know what she was doing; and (5) allowing employees to make harmful statements to the media. (R. Doc. 3 at 7).

Here, Plaintiff makes specific allegations regarding statements purportedly made by Defendant Matassa. She does not allege, however, that those statements were made publicly or published, that the statements were made with intent or malice, that there was any resulting injury, or even that the statements were false. These allegations are, therefore, insufficient to state a claim for defamation against Defendant Matassa. Notwithstanding that finding, the Court also finds it appropriate to allow Plaintiff leave to amend in order to attempt to state a claim against Defendant Matassa for defamation.

### 4. Plaintiff's claims against Defendants Dawson and Hysell for defamation

The only allegations against Defendants Dawson and Hysell for defamation are found in paragraph 33 of the Complaint, wherein Plaintiff alleges that Defendants made public statements that were published in the newspaper that affected her job search and future employment prospects. (R. Doc. 3 at 12-13). Plaintiff does not specify the statements purportedly made by each of these Defendants, the content of those statements, the newspaper they were allegedly published in, or how the statements harmed her "job search and future employment prospects." She alleges in a conclusory manner that these statements were false, and were made with intent and malice, but provides not supporting allegations for those bare allegations. This is insufficient to state a claim against Defendants Dawson and Hysell for defamation. Notwithstanding that conclusion, the Court finds it appropriate to allow Plaintiff leave to amend in order to cure any deficiencies, if possible.

<mark>9</mark>

### 5. Plaintiff's claims against all Defendants under the Board of Ethics Whistleblower statute

An aggrieved employee does not have a private right of action under La. R.S. 42:1169. As Defendants correctly note, "[a]n employee's remedy under the Code of Governmental Ethics is through the Board of Ethics… Louisiana Revised Statutes 42:1169(E) does not provide an independent right of action, rather, it relies upon other statutes to provide a right of action." *Collins v. State ex rel. Dept. of Natural Resources*, 2012-1031 (La. App. 1st Cir. 5/30/13), 118 So.3d 43, 47-48. Accordingly, Plaintiff's claims against any and all Defendants pursuant to the Code of Governmental Ethics, La. R.S. 42:1101, *et seq.*, are dismissed for failure to state a claim. Based on the Court's findings, the Court need not address Defendants' substantive arguments regarding Plaintiff's claims against Defendants Matassa, Dawson, or Hysell under the Board of Ethics Whistleblower statute. (R. Doc. 12-1 at 9-10). Furthermore, the Court finds that these deficiencies could not be cured with leave to amend.

### 6. Plaintiff's claims against all Defendants under the Louisiana Employment Discrimination Law

Section C of La. R.S. 23:303, the statute governing the authorization of civil suits pursuant to the Louisiana Employment Discrimination Law, requires a person who intends to pursue court action for discrimination to "give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action." Defendants argue that, because Plaintiff did not allege that she complied with this requirement prior to filing suit, she failed to state a claim. (R. Doc. 12-1 at 10). Plaintiff asserts that her EEOC complaint "accomplishes the task of notice," as does her written appeal, or

in the alternative, that "she will be able to further prove that the Defendants were put on notice. (R. Doc. 18 at 5-6).

Whether Defendants were put on notice as required by La. R.S. 23:303(C) is not the question before the Court on a Rule 12(b)(6) motion. Rather, the question is whether Plaintiff alleged that she complied with La. R.S. 23:303, and if not, whether that allegation is necessary in order to find that Plaintiff has stated a claim against Defendants under the Louisiana Employment Discrimination Law. Upon review of Plaintiff's Complaint, the Court notes that Plaintiff makes no allegation regarding the filing of an EEOC complaint, or the outcome thereof, nor does she make any allegation regarding an appeal that was allegedly "heard on or about November 16, 2018." (R. Doc. 18 at 6).

There is no affirmative allegation in the Complaint that Plaintiff complied with the requirements of La. R.S. 23:303(C), by way of EEOC complaint, written appeal, or otherwise. While Plaintiff may be correct in her assertion that the filing of an EEOC charge effectively accomplishes the notice requirement of La. R.S. 23:303 in some instances, the question is whether a Plaintiff is required to allege such notice in order to state a claim. The Court need not address the question, however, as it appears from the record that any failure to allege notice can be cured with leave to amend. Attached to Plaintiff's Civil Cover Sheet is an EEOC letter dated February 4, 2019, and indicating carbon copy to the Parish of Ascension.

Given that there is some indication that providing leave to amend would not be futile insofar as the notice requirement is concerned, amendment may be the proper remedy over dismissal of the claim. *See, e.g., Hall v. Board of Supervisors of Community and Technical Colleges*, 2015 WL 2383744, at *3 (E.D. La. May 18, 2015) (granting leave to amend where a plaintiff failed to allege exhaustion under ADA or compliance with notice of intent to file suit

requirement of Louisiana's disability discrimination laws). Furthermore, Defendants do not argue the sufficiency of the notice, nor do they argue that notice was not received, but rather only that Plaintiff failed to allege notice. The question of receipt or sufficiency of the notice is not, therefore, before the Court at this time.

"Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *O'Neal v. Cargill, Inc.*, 178 F.Supp.3d 408, 413 (E.D. La. Apr. 12, 2016) (citing *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009). Accordingly, the Court will allow Plaintiff to amend her Complaint. Upon such amendment, Plaintiff shall make allegations regarding her compliance with the notice requirement of La. R.S. 23:303(C). The Court cautions that these allegations should be more than conclusory allegations regarding compliance with the notice requirement, but rather should set forth the factual basis for such compliance.

> 7. **Plaintiff's claims against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under the Louisiana Employment Discrimination Law**

Plaintiff has also brought claims against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under the Louisiana Employment Discrimination Law, but for the same reasons the Court concluded Defendants were not "employers" for purposes of the Louisiana Whistleblower Statute in Section 1, *supra*, these claims must also be dismissed. La. R.S. 23:302(2) defines "employer" for purposes of the Louisiana Whistleblower State as well as the Louisiana Employment Discrimination Law such that Defendants Matassa, Dawson, and Hysell are not employers in their individual or official capacities under either statute.

There is no indication that, even with leave to amend, Plaintiff would be able to sufficiently allege that Defendants Matassa, Dawson, and Hysell were her employers for

purposes of the Louisiana Employment Discrimination Law, separate and apart from their roles within the Parish of Ascension. Thus, Plaintiff's claims against Defendants Matassa, Dawson, and Hysell in their individual or official capacities under the Louisiana Employment Discrimination Law are dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 8. Plaintiff's claims against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under Title VII

To begin, Plaintiff concedes that "any liability of a supervisor as an agent of an employer is against that supervisor in her official capacity only, not her individual capacity." (R. Doc. 18 at 6). The only issue before the Court, therefore, is whether Plaintiff has stated a claim against Defendants Matassa, Dawson, and Hysell in their official capacities under Title VII. As Defendants correctly note, "a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity." *Smith v. Amedisys Inc.*, 298 F.3d 434, 449 (5th Cir. 2006) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)). Defendants Matassa, Dawson, and Hysell, if liable at all, are liable as agents of the Parish of Ascension, a named Defendant in this action. Their actions or inactions are relevant for purposes of determining the liability of the Parish of Ascension, as agents of the Parish of Ascension, but they cannot be held liability in their individual or official capacities under Title VII. Accordingly, Plaintiff's claims against Defendants Matassa, Dawson, and Hysell in their individual and official capacities under Title VII are dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 9. Plaintiff's claims against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983

"To pursue a claim under § 1983, a 'plaintiff[] must (1) allege a violation of *rights* secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (citing *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1050 (5th Cir. 1993)). Plaintiff alleges that Defendants violated her 14th Amendment right to substantive and procedural due process because "Ascension Parish… provided no vehicles for Wesley (or any other similarly situated employees) to seek due process for claims arising out of the workplace, including, but not limited to those alleged herein." (R. Doc. 3 at 12).

Plaintiff suggests in Opposition that she is "able to provide admissible evidence that Hysell[sic] actions violated her constitutionally protected rights." (R. Doc. 27 at 3). The question, however, is whether the allegations set forth in the Complaint, viewed in the light most favorable to the Plaintiff, state a claim upon which relief can be granted. The only allegation she makes against any Defendant is against the Parish of Ascension for allegedly not providing her a mechanism to pursue claims arising out of the workplace, thereby allegedly violating her due process rights. The Complaint is devoid of any allegation against any of the individual Defendants in their individual or official capacities regarding any constitutional due process rights Plaintiff may have. Further, though Plaintiff alleges that Defendants Matassa and Dawson, along with "those under [their] supervision and control were acting under the color of law," Plaintiff makes no allegation that any subordinate of Defendants Matassa and Dawson committed any act or omission in violation of her constitutional rights. Plaintiff has, therefore, failed to state a claim against Defendants Matassa, Dawson, or Hysell in their individual or

14

official capacities under 42 U.S.C. § 1983. To the extent Plaintiff suggests that she can "provide admissible evidence" of constitutional violations, Plaintiff shall make sufficient allegations with leave to amend, including the constitutional right allegedly violated, and the specific factual allegations supporting each alleged violation against each Defendant.

        **10.    Leave to Amend**

"Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *O'Neal v. Cargill, Inc.*, 178 F.Supp.3d 408, 413 (E.D. La. Apr. 12, 2016) (citing *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009). The Court has not previously provided Plaintiff an opportunity to amend her Complaint to cure any deficiencies regarding whether Plaintiff has stated a claim for purposes of Fed. R. Civ. P. 12(b)(6). It is, therefore, appropriate to do so here as to claims that, given a sufficient factual basis alleged by Plaintiff, could survive a Rule 12(b)(6) motion. Accordingly, within fourteen (14) days of the date of this Order, Plaintiff shall file an amended complaint that cures deficiencies regarding the following claims: (1) Plaintiff's claims against Defendant Matassa in his personal capacity for defamation; (2) Plaintiff's claims against Defendants Dawson and Hysell for defamation; (3) Plaintiff's claims against all Defendants under the Louisiana Employment Discrimination Law; and (4) Plaintiff's claims against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983. In her amended complaint, Plaintiff shall set forth specific factual allegations as to each Defendant, beyond mere conclusions, that form the basis of each of the claims against each Defendant found insufficient herein, as noted above.

### III. Conclusion

Considering the foregoing,

**IT IS ORDERED** that Defendants' Motion for F.R.C.P. 12(b)(6) Dismissal (R. Doc. 12) and Defendants' Second Motion for F.R.C.P. 12(b)(6) Dismissal (R. Doc. 17) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of this Order to file an amended complaint to cure any deficiencies and may do so without leave of Court.

Signed in Baton Rouge, Louisiana, on January 13, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**