# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TALETA WESLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-276-RLB** |
| **ASCENSION PARISH, ET AL.** | **CONSENT** |

## <u>ORDER</u>

Before the Court is Defendants' Third Motion for F.R.C.P. 12(b)(6) Dismissal. (R. Doc. 41). The deadline to oppose the motion has expired. LR 7(f). Accordingly, the motion is unopposed.

## I.    Background

Plaintiff initiated this action with the filing of her Complaint (R. Doc. 3) on May 6, 2019. Plaintiff is an African American woman who was hired as the Director of Human Resources for the Parish of Ascension. (R. Doc. 3 at 4). Plaintiff alleges that she reported several illegalities to her supervisor, including contract fraud, ethics violations, missing or incomplete tax documents, improper employee benefits payments, use of unapproved programs to send private information, and improper hiring practices. She alleges that she was wrongfully terminated for insubordination, but that termination was "a direct result of her complaints." (R. Doc. 3 at 7). She also alleges that she suffered retaliation as a result of her complaints in the form of exclusion from meetings, being ignored, taking away her parish-issued vehicle, taking away her satellite office, and forcing her to "work in an office with respiratory infecting mold, electrical problems, roofing leaks, and other hazards." (R. Doc. 3at 5).

Plaintiff's Complaint seeks recovery under seven theories, including (1) Retaliation in Violation of Louisiana Whistleblower Statute; (2) Retaliation in Violation of Internal Policies;

(3) Retaliation in Violation of Louisiana Board of Ethics Rules; (4) Intentional Infliction of

Emotional Distress; (5) Louisiana Anti-Discrimination Employment Law; (6) 42 U.S.C. § 1983

and the 14th Amendment; and (7) Libel and Slander under La. C.C. art. 2315. (R. Doc. 3).

Defendants filed their first Motion to Dismiss (R. Doc. 12) on July 6, 2019, seeking to

dismiss the following causes of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6):

(1) against the individual defendants in their individual or official capacities under the Louisiana

Whistleblower statute; (2) against all Defendants for intentional infliction of emotional distress;

(3) against Defendant Matassa in his personal capacity for defamation; (4) against Defendants

Dawson and Hysell for defamation; (5) against all Defendants under the Board of Ethics

Whistleblower statute; (6) against Defendants Matassa, Dawson, or Hysell in their individual or

official capacities under the Board of Ethics Whistleblower statute; (7) against all Defendants

under the Louisiana Employment Discrimination Law; (8) against Defendants Matassa, Dawson,

and Hysell in their individual and official capacities under the Louisiana Employment

Discrimination Law; and (9) against Defendants Matassa, Dawson, and Hysell in their individual

and official capacities under Title VII.  Defendants also filed a Second Motion to Dismiss (R.

Doc. 17) on August 5, 2019, alleging that Plaintiff has failed to state a claim pursuant to Fed. R.

Civ. P. 12(b)(6) regarding the following causes of action: (1) against Defendants Matassa,

Dawson, or Hysell in their individual or official capacities under 42 U.S.C. § 1983; (2) against

Defendants Matassa and Dawson under 42 U.S.C. § 1983 pursuant to a *respondeat superior*

theory; and (3) against Defendant Hysell in any capacity under 42 U.S.C. § 1983.

On January 13, 2020, the Court issued an order granting in part and denying in part the

foregoing motions to dismiss. (R. Doc. 30).  The Court found that Plaintiff failed to state a claim

against Defendants Matassa, Dawson, and Hysell, in their individual or official capacities, under

the Louisiana Whistleblower statute, the Board of Ethics Whistleblower statute, the Louisiana Employment Discrimination Law, and Title VII.  The Court found that Plaintiff has stated a claim for intentional infliction of emotional distress.  The Court granted Plaintiff leave to file an amended complaint to cure deficiencies regarding the following claims: (1) Plaintiff's claims against Defendant Matassa in his personal capacity for defamation; (2) Plaintiff's claims against Defendants Dawson and Hysell for defamation; (3) Plaintiff's claims against all Defendants under the Louisiana Employment Discrimination Law; and (4) Plaintiff's claims against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Second Amended Complaint into the record on February 6, 2020. (R. Doc. 33).

Defendants filed the instant Third Motion to Dismiss on April 31, 2020. (R. Doc. 41). The instant motion to dismiss argues that Plaintiff's amendments fails to cure the deficiencies identified in the Court's previous order and otherwise improperly reasserts a claim under the Board of Ethics Whistleblower statute.

## II.    Law and Analysis

### A.    Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In *Johnson v. City of Shelby, Miss.,* 574 U.S. 10 (2014), the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis in *Lormand*)).

Applying the above case law, one district court has stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the

claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted). Lastly, the Court notes that "generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 413 (E.D. La. Apr. 12, 2016) (citing *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 Fed. App'x 180, 182 (5th Cir. 2009)).

**B.    Analysis**

**1.    Plaintiff's claims against Defendant Matassa in his personal capacity for defamation**

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 2003-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139. "To maintain a defamation action under Louisiana law, a plaintiff must prove the following elements: '(1) a false and defamatory statement concerning another; (2) an unprivileged

publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.'" *Schmidt v. Cal-Dive International, Inc.*, 240 F.Supp.3d 532, 542 (W.D. La. Mar. 6, 2017) (citing *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006)).

In her Complaint, Plaintiff alleges that "defendants" made public statements that were published in the newspaper that affected her job search and future employment prospects. (R. Doc. 3 at 12-13). No further details are provided. She also alleges in the Background section that Defendant Matassa defamed her by (1) telling councilmembers that SSA did not do their due diligence in obtaining her references; (2) telling employees that Plaintiff wanted to fire them; (3) telling the Ascension police department that she was a hostile individual; (4) telling employees not to speak to her regarding human resource matters because she did not know what she was doing; and (5) allowing employees to make harmful statements to the media. (R. Doc. 3 at 7).

The Court's previous order held that Plaintiff's allegations failed to state a claim for defamation against Defendant Matassa because she did not identify which purported statements were made publicly and actually published, did not allege which statements were made with intent or malice, or even that the statements were false.  Paragraph 34 of Plaintiff's Second Amended Complaint appears to be Plaintiff's attempt to cure the identified deficiencies with respect to her claims against Defendant Matassa in his personal capacity for defamation:

> KENNETH "KENNY" MATASSA, personally told several parish employees and made statements during [publicly] attended open council meetings that WESLEY was incompetent and to not speak to her. These statements were false and made publicly. The fact that WESLEY was selected by an outside firm and she had many years of Human Resources experience, did not matter to MATASSA. Lori Bruno, an employee on FMLA, told me not to call her home because KENNETH "KENNY" MATASSA told her to avoid my calls. She stated that he told her that I did not know what I was doing and that he would handle all of her concerns. Lori had exhausted her FMLA and I was attempting to contact her regarding her return date.

(R. Doc. 33 at 14).  Defendants argue that these allegations remain insufficient to establish a claim of defamation against Defendant Matassa in his personal capacity.

These additional allegations do not cure the deficiencies identified in the Court's order. Plaintiff fails to raise non-conclusory allegations that the statements were made in Defendant Matassa's personal capacity.  Furthermore, Plaintiff does not raise any non-conclusory allegations that the alleged statements were made with intent or malice or that there was any resulting injury.  Plaintiff has raised no arguments in support of a finding that her defamation claims with respect to Defendant Matassa, as amended, are sufficient to avoid dismissal for failure to state a claim.

Given the foregoing, the Court finds that Plaintiff has failed to amend her allegations as ordered and has, therefore, failed to state a claim against Defendant Matassa in his personal capacity for defamation.  Plaintiff's claims against Defendant Matassa in his personal capacity for defamation are dismissed with prejudice.

## 2.     Plaintiff's claims against Defendants Dawson and Hysell for defamation

The only allegations against Defendants Dawson and Hysell for defamation are found in paragraph 33 of the Complaint, wherein Plaintiff alleges that "defendants" made public statements that were published in the newspaper that affected her job search and future employment prospects. (R. Doc. 3 at 12-13). Plaintiff does not specify the statements purportedly made by each of these Defendants, the content of those statements, the newspaper they were allegedly published in, or how the statements harmed her "job search and future employment prospects." She alleges in a conclusory manner that these statements were false, and were made with intent and malice, but provides not supporting allegations for those bare allegations.

The Court provided Plaintiff the opportunity to allege any specific defamatory statements made by Defendants Dawson and Hysell.  Plaintiff failed to make any such allegations in her

Second Amended Complaint.  Accordingly, Plaintiff's claims against Defendants Dawson and

Hysell for defamation are dismissed with prejudice.

### 3.   Plaintiff's claims against all Defendants under the Louisiana Employment Discrimination Law

The Court provided Plaintiff the opportunity to allege that Defendants were put on notice

of her Louisiana Employment Discrimination Law claim as required by La. R.S. 23:303(C).

More specifically, the Court noted that there is no affirmative allegation in the Complaint that

Plaintiff complied with the requirements of La. R.S. 23:303(C), by way of EEOC complaint,

written appeal, or otherwise.  The Court further noted that any amendment to assert an allegation

of notice should be more than conclusory allegations regarding compliance with the notice

requirement and should set forth the factual basis for such compliance.

Paragraph 32 of the Second Amended Complaint ("Right to Sue Letter for Notice of Suit

Under Louisiana Employment Discrimination Law") appears to be Plaintiff's attempt to correct

this deficiency:

> On December 28, 2018, at 5:47 PM EST, WESLEY filed a complaint with the
> U.S. Equal Employment Opportunity Commission as shown in R. Doc. 4-1. This
> complaint was filed and received by the Defendants in this matter prior to the
> filing of this Complaint and at least 30 days before the original filing of this
> matter on May 6, 2019. In that complaint, which was forwarded to the Defendants
> in this matter by the EEOC. Appropriately, "the filing of an EEOC charge of
> discrimination satisfies the notice requirement, [it] limits the state claim to the
> alleged discrimination detailed in the EEOC charge[.]" Jeavons v. Exxon Mobil
> Corp. 2014 U.S. Dist. Lexis 28551, at 8–9 (M.D. La. Feb. 28, 2014) (*quoting
> Johnson v. Hospital Corp. of Am.*, 767 F.Supp.2d 678, 700 (W.D. La.2011)).

(R. Doc. 33 at 12-13).

Notwithstanding the arguments raised by Defendants, the Court finds that Plaintiff has

sufficiently amended her complaint to allege that she has satisfied the notice requirements of La.

R.S. 23:303(C) by filing the EEOC charge of discrimination, though her Louisiana Employment

Discrimination law claims are limited to the alleged discrimination detailed in the EEOC charge. *See Haley v. Hosp. Serv. Dist. of W. Feliciana Par., Louisiana*, No. 16-224, 2017 WL 1095475, at *6 (M.D. La. Mar. 22, 2017).  Accordingly, the Court will not dismiss Plaintiff's Louisiana Employment Discrimination Law claims on the basis that she failed to allege that she satisfied the requirements of La. R.S. 23:303(C).[1]

### 4.     Plaintiff's claims against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983

"To pursue a claim under § 1983, a 'plaintiff[] must (1) allege a violation of *rights* secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (citing *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1050 (5th Cir. 1993)).  In her Complaint, Plaintiff alleges that Defendants violated her 14th Amendment right to substantive and procedural due process because "Ascension Parish… provided no vehicles for Wesley (or any other similarly situated employees) to seek due process for claims arising out of the workplace, including, but not limited to those alleged herein." (R. Doc. 3 at 12).  The Complaint is devoid of any allegation against any of the individual Defendants in their individual or official capacities regarding any constitutional due process rights Plaintiff may have. Further, though Plaintiff alleges that Defendants Matassa and Dawson, along with "those under [their] supervision and control were acting under the color of law," Plaintiff makes no allegation that any subordinate of Defendants Matassa and Dawson committed any act or omission in violation of her constitutional rights.

---

[1] The Court does not rule on whether Plaintiff has satisfied the notice requirements, only that she has sufficient alleged that she has satisfied those requirements.

The Court provided Plaintiff with the opportunity to amend her pleading to allege claims against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983.  Plaintiff adds the following allegations her Paragraph 33 of the Second Amended Complaint:

> MATASSA told council members that SSA had not done their due diligence in vetting my background, that's why I was so bad at my job. I have a JD, MPA, BA, BPA, HR Certificate, Safety Certificate, and years of successful career in Human Resources. She is aware of her job and what is needed to successfully do it. The statements were made to persuade the council members to support his termination of my job. The Parish of Ascension has a policy of creating a hostile work environment when someone would go against what MATASSA wanted. The Defendants, violated the Plaintiff's Constitutional right by Retaliating against her by putting her in the moldy building and taking her vehicle while all other executives were allowed to keep their cars as long as they did not question any actions, illegal or  legal taken by MATASSA. They treated Plaintiff differently after she begin to question the illegal activities.

(R. Doc. 33 at 13-14).  These allegations do not remedy the deficiencies in the original Complaint.

Foremost, these allegations do not set forth any possible Section 1983 claims against Dawson and Hysell.  Moreover, the allegations pertaining to Matassa relate to his allegedly defamatory statements made to the Parish Counsel during the appeal of Plaintiff's termination and her retaliation claims.  These allegations do not identify the constitutional due process rights Plaintiff may have that may have been violated by Defendant Matassa.  Notably, Plaintiff has made no effort to identify the allegations supporting her Section 1983 claims by filing any briefing with respect to this motion to dismiss.

Having considered Plaintiff's Second Amended Complaint, the Court finds that Plaintiff has failed to amend her pleadings to state a claim for relief against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983.  Accordingly, Plaintiff's claims for relief against Defendants Matassa, Dawson, and Hysell pursuant to 42 U.S.C. § 1983 are dismissed with prejudice.

     **5.**     **Plaintiff's claims against all Defendants under the Board of Ethics Whistleblower statute**

Plaintiff's Second Amended Complaint retains allegations against the Defendants under the Board of Ethics Whistleblower statute, La. R.S. 42:1169.  These claims were dismissed without leave to amend.  To the extent Plaintiff is attempting to reallege claims under the Board of Ethics Whistleblower statute, those claims remain dismissed with prejudice notwithstanding the allegations in the Second Amended Complaint.

**III.**    **Conclusion**

Considering the foregoing,

**IT IS ORDERED** that Defendants' Third Motion for F.R.C.P. 12(b)(6) Dismissal (R. Doc. 41) is **GRANTED IN PART** and **DENIED IN PART**.

Signed in Baton Rouge, Louisiana, on September 22, 2020.

                           **RICHARD L. BOURGEOIS, JR.**
                           **UNITED STATES MAGISTRATE JUDGE**